UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
:
HIPPOLYTE OUEDRAOGO, USSUYE SALL, :
CHEIK KANE, OUSAINOU JALLOW and :
THEOPHILE JIOTSOP, :
:
    individually, and on behalf of all others :
    similarly situated :
:
                       Plaintiffs, :
:
                -against- :    OPINION
:
:    03 CV 1851 (RLC)
:
DURSO ASSOCIATES, INC., d.b.a. KEY FOOD, :
MAN-DELL FOOD STORES, INC., d.b.a. MAN- :
DELL KEY FOOD, FOUR WINDS SUPERMARKET :
INC., d.b.a. KEYFOOD, and MATLYN FOOD INC., :
d.b.a. KEY FOOD, :
:
:
                      Defendants. :
:
------------------------------------------------------------------------X


APPEARANCES:

OUTTEN & GOLDEN, LLP
Attorneys for Plaintiffs
3 Park Avenue, 29th Floor
New York, NY 10016
        ADAM T. KLEIN, Esq.
        SCOTT A. MOSS, Esq.
            Of Counsel

PIEPER, HOBAN & ROYCE, P.C.
Attorneys for Defendant Matlyn Food, Inc.,
92 Willis Avenue
Mineola, NY 11501
        STEPHEN P. HOBAN, Esq.
            Of Counsel

LAW OFFICES OF CURTIS V. TRINKO, LLP
Attorneys for Defendant Matlyn Food, Inc.,

16 West 46th Street, 7th Floor
New York, NY 10036
                    CURTIS V. TRINKO, Esq.
                         Of Counsel

ROBERT L. CARTER, District Judge

Plaintiffs[1] in the underlying action are walking deliverymen who served at various Key Food grocery store locations owned by defendants.[2] They contend that they worked long hours as deliverymen but were paid less than minimum wages with no overtime premium pay and commenced this action to recover unpaid minimum and overtime wages under the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). All of the plaintiffs were hired by Hudson Delivery Services, Inc., or its affiliate corporation Chelsea Trucking, Inc. ("Hudson/Chelsea"), and assigned to the Key Food defendants' stores.[3] Plaintiffs claim that the Key Food defendants used Hudson/Chelsea as labor agents to avoid their statutorily mandated wage and work-hours obligations and that defendants should be considered joint-employers for purposes of the FLSA and the NYLL.

Defendant Matlyn Food, Inc., ("Matlyn"), whose motion is currently before the court, is the owner of a Key Food grocery store at Montague Street, Brooklyn, where one of the named plaintiffs, Ousainou Jallow, worked from the summer of 1998 through November 1999. Matlyn moves to dismiss the amended complaint against it, arguing (1) that the court should not exercise supplemental jurisdiction over Jallow's state law claims and (2) that the amended complaint fails to state a claim against Matlyn as a joint employer.[4] The court addresses each of these contentions in turn.

## DISCUSSION

### *Jurisdiction over the NYLL claims*

The court has original jurisdiction over this case by virtue of the FLSA claims brought by plaintiffs Ouedraogo and Sall against defendants Durso Associates, Inc., Man-Dell Food Stores, Inc., and Four Winds Supermarket, Inc. Plaintiff Jallow, however, alleges only state law claims against defendants Man-dell Food Stores, Inc. (for whom Jallow worked from November 1997 through the summer of 1998) and Matlyn.[5] Given that both Matlyn and Jallow are residents of New York, jurisdiction over Jallow's state law claims, if it exists, must arise under 28 U.S.C. § 1367(a), which states:

> [e]xcept as provided in subsections (b) and (c) or as expressly provided
> otherwise by Federal statute, in any civil action of which the district courts
> have original jurisdiction, the district courts shall have supplemental
> jurisdiction over all other claims that are so related to claims in the action
> within such original jurisdiction that they form part of the same case or

---

[1] The named plaintiffs are: Hippolyte Ouedraogo, Ussuye Sall, Cheik Kane, Ousainou Jallow and Theophile Jiotsop.
[2] Defendants are: Durso Associates, Inc., Man-Dell Food Stores, Inc., Four Winds Supermarket, Inc. and Matlyn Food, Inc. ("Key Food defendants").
[3] Three of the Key Food defendants have brought third-party claims against Hudson/Chelsea.
[4] Matlyn also argues that Jallow's FLSA claim is barred by the statute of limitations and that a Rule 23, F.R.Civ.P. class certification would be invalid. Given that Jallow asserts only an NYLL, and not a FLSA, claim and that plaintiffs have not filed a Rule 23 class action, these arguments need not detain the court.
[5] Jallow's claims are time-barred under the FLSA.

controversy under Article III of the United States Constitution. Such
supplemental jurisdiction shall include claims that involve the joinder or
intervention of additional parties. 28 U.S.C. § 1367(a).

A court may properly assume supplemental jurisdiction over a state claim when the state and federal claims "derive from a common nucleus of operative fact," such that the parties "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996). In addition, a decision to exercise jurisdiction should consider whether "judicial economy, convenience and fairness to litigants" favor hearing the state and federal claims together. Id. at 726. The Second Circuit has noted that a "federal court's exercise of pendent jurisdiction over plaintiff's state law claims, while not automatic, is a favored and normal course of action," *Promisel v. First American Artificial Flowers*, 943 F.2d 251, 254 (2d Cir. 1991).

In the present case, the federal and state law claims derive from a common nucleus of operative fact and warrant the exercise of supplemental jurisdiction. Plaintiffs allege similar claims and all share a basic common story, namely, that, as employees of Hudson/Chelsea, they were placed in various Key Food stores where they delivered groceries and allegedly provided a range of in-store help, worked long hours, and were paid wages below the statutory minimum. The claims against Matlyn will involve overlapping testimony, depositions and documentation with other plaintiffs' federal and state claims. Separate state and federal proceedings would require Jallow to testify twice – once in federal court for his claims against defendant Man-Dell Food Stores, Inc., and then again in state court for his claims against defendant Matlyn – regarding his relationship with Hudson/Chelsea and the Key Food defendants. Moreover, portions of that testimony will center on work done for those two defendants within an overlapping time frame. In addition, though Jallow's state claims may cover a period of employment which predate the other plaintiffs' FLSA claims, other plaintiffs will be testifying about events that are contemporaneous with Jallow's work at Matlyn's Key food store.[6] Ultimately, Jallow's state law claims share too many common threads with the other plaintiffs' federal claims for them to be separated from one another. As such, the court concludes that the exercise of supplemental jurisdiction, including pendant party jurisdiction,[7] over Jallow's state law claims is appropriate.

Indeed, courts in the Second Circuit have exercised supplemental jurisdiction in circumstances similar to the case at bar. In *Ansoumana, et al. v. Gristede's Oper. Corp.*, 255 F. Supp. 2d 184 (S.D.N.Y. 2003) (Hellerstein, J.), a class of

---

[6] Though named plaintiff Sall's events at issue under the FLSA occurred during the period of April through November 2002, he also alleged violations of the NYLL for the period October 1999 to January 2000. Plaintiff Ouedraogo has events at issue under the FLSA that range from the vague dates of the "end of 1999 to the end of 2000." Amend. Comp. ¶ 18.

[7] One purpose of Section 1367 was "to make it clear that in federal-question cases pendent-party jurisdiction is permissible." 13B Charles Alan Wright, Federal Practice and Procedure: Civil § 3567.2, at 55 (Supp. 2000).

deliverymen, which included the named plaintiffs in this action, sued several grocery stores, as well as the Hudson/Chelsea agencies, to recover unpaid minimum and overtime wages under the FLSA and the NYLL.[8] While finding that the grocery stores were joint employers with Hudson/Chelsea for purposes of the FLSA, the *Ansoumana* court also chose to exercise supplemental jurisdiction over plaintiffs' NYLL state claims. More recently, in *Chen v. Street Beat Sportswear, Inc.,* 2005 WL 774323 (E.D.N.Y 2005), the court exercised supplemental jurisdiction over four of the plaintiffs' NYLL claims even though those plaintiffs' federal FLSA claims had become time-barred and could no longer be asserted. *See also Brzychnalski v. Unesco, Inc.* 35 F. Supp 2d 351 (S.D.N.Y. 1999) (Chin, J.) (exercising supplemental jurisdiction where plaintiffs included both employees seeking unpaid overtime wages under the NYLL as well as employees seeking unpaid wages under federal law).

Finally, though 28 U.S.C. § 1367(c) does give the court the discretion to decline the exercise of supplemental jurisdiction, there is no reason to invoke that discretion at present.[9] State claims do not substantially predominate over the federal claims at issue nor does Jallow's NYLL claims raise a novel or complex issue of state law. As previously stated, the nexus between state and federal claims is such that they would be best tried in one judicial proceeding.

*Failure to State a Claim*

When considering a Rule 12(b)(6) motion, "the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995) (citations omitted). On a motion to dismiss, all facts alleged in the complaint are taken as true, and "[t]he district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 469 (quoting *Walker v. City of New York*, 974 F.2d 293, 298 (2d Cir. 1992), and *Ricciuti v. New York Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

The Second Circuit made clear in *Zheng v. Liberty Apparel Company, Inc.*, 355 F.3d 61 (2d Cir. 2003), that the inquiry into whether a defendant should be deemed a joint employer for purposes of the FLSA and NYLL is a fact-intensive endeavor and "is to be based on 'the circumstances of the whole activity,' viewed

---

[8] Though none of these defendants included the current Key Food defendants.
[9] (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:
    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
28 U.S.C § 1367(c)

in light of 'economic reality,'" Id. at 71 (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 732 (U.S. 1947), and *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (U.S. 1961)).

Jallow alleges that he worked on the premises of Matlyn's Key Food store for well over forty hours a week without receiving minimum wage or overtime pay bagging and delivering groceries for its customers. Jallow claims that Matlyn acted as his employer both directly and indirectly; that Matlyn was responsible for hiring and firing Jallow by determining how many deliverymen it needed; that Matlyn set the terms and conditions of Jallow's employment; that Jallow's work was integral to Matlyn's operations; and that Matlyn controlled the amount of pay Jallow received by limiting its payments to Hudson/Chelsea. With these allegations, Jallow has pleaded sufficient facts to survive Matlyn's motion to dismiss.

Plaintiff's joint employment claims are bolstered by this court's decision in *Ansoumana*, which granted many of the same plaintiffs' motion for summary judgment against a large retail store chain and Hudson/Chelsea on the issue of joint employment. The court held that both the retail stores where the deliverymen worked and the Hudson/Chelsea labor agents that placed the workers there were employers for purposes of FLSA and NYLL liability. *Ansoumana*, 255 F.supp 2d at 193-195. Whether the currents defendants should also be deemed joint employers has yet to be established. However, given plaintiffs' allegations and the fact-intensive nature of the joint employment inquiry, dismissal of these claims prior to the conduct of discovery would be inappropriate. Matlyn's motion to dismiss is therefore denied.

## CONCLUSION

The court may properly exercise supplemental jurisdiction over Jallow's state law claims and denies Matlyn's motion to dismiss.

## IT IS SO ORDERED

Dated: New York, New York
June 15, 2005

ROBERT L. CARTER
COPIES MAILED    U.S.D.J.